## Hornak v. Hornak

448

C.P. of Berks County, no. 95-0382-00.

*Edward A. Skypala,* for plaintiff.
*Daniel I. Sager,* for defendant.

EHRLICH, *J.,* May 15, 1996—This matter is before the court on defendant's exceptions to the recommendation of the Domestic Relations Hearing Officer that defendant pay child and spousal support in the amount of $218 per week, consisting of $76 spousal support and $71 for each of two children. The hearing officer found plaintiff's monthly net income to be $780 from unemployment compensation and defendant's monthly net income to be $2,496. Although defendant filed four exceptions to the recommendations of the hearing officer, his brief mentions and discusses only two issues, one of which is not included in the exceptions filed. Nevertheless we will discuss both issues.

The first exception is to the hearing officer's calculation of plaintiff's income or earning capacity. Prior to the parties' separation, plaintiff had been employed at Smith Kline where she earned $7.85 per hour plus a 15 percent shift differential working third shift. In anticipation of the separation and because defendant

was no longer providing child care in the evenings while she worked, plaintiff left that job to take first shift employment at Bachman's where she earned $8.65 per hour. Plaintiff was subsequently laid off from Bachman's because of a downsizing program, resulting in her status as unemployment compensation recipient at the time of the hearing. The only job offers she received paid less than the unemployment benefits; the hearing officer found that it was reasonable for her to continue to pursue better job opportunities while the unemployment benefits were still available.

Defendant argues that plaintiff should be imputed an earning capacity of at least $9 an hour based on her leaving her prior employment at Smith Kline. Generally, a party who reduces his or her income by voluntarily quitting is not entitled to adjustment in the support obligation based on the reduction of income. Pa.R.C.P. 1910.16-5(c)(1). This rule, however, is not without exceptions. The Superior Court in *King v. King,* 390 Pa. Super. 226, 568 A.2d 627 (1989) affirmed the trial court's ruling that a parent was justified in leaving a job and taking a lower-paying job with more flexible scheduling, in order to be available to care for children.

In this case, plaintiff obviously did not quit her job to avoid working or to reduce her income. When she left Smith Kline she had employment available at Bachman's where she earned substantially the same hourly rate with the benefit of daytime hours, which enabled her to supervise her children in the evening. Wife also will not be faulted for declining positions which would pay less than her unemployment compensation, while continuing to seek appropriate employment.

Defendant's second exception is to the hearing officer's recommendation for spousal support. Defendant's statement that plaintiff has no financial need for

spousal support is unsupported by the record. On the contrary, the record shows that plaintiff's reasonable expenses exceed her income, and would even exceed her income at Smith Kline. Defendant alludes to circumstances which occurred after the hearing, which are not of record, and which we cannot consider.

We therefore enter the following order:

### ORDER

And now, May 15, 1996, defendant's exceptions to the report and recommendations of the Domestic Relations Hearing Officer are dismissed, and the order of October 12, 1995 remains in effect.